# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

ROBERT S. MARSHALL, )
                        Plaintiff, )
vs. )    Case No. 08-4305-CV-W-GAF
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
                        Defendant. )

## ORDER

Plaintiff filed an application for disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401, *et seq*. On April 20, 2007, following a hearing, an administrative law judge ("ALJ") rendered a decision in which he found that Plaintiff was not under a "disability" as defined in the Social Security Act. The Appeals Council of the Social Security Administration denied Plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner which Plaintiff appeals.

Review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support the Commissioner's conclusion. *See Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008). Evidence that both supports and detracts from the Commissioner's decision should be considered, and an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *See Finch*, 547 F.3d at 935 (citing *Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004)). A court should disturb the ALJ's decision only if it falls outside the available "zone of choice" and

a decision is not outside that zone of choice simply because the court may have reached a different conclusion had the court been the fact finder in the first instance. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) (citations omitted).

To establish entitlement to disability benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. *See* 20 C.F.R. § 404.1505 (2009). The Supreme Court in *Barnhart v. Walton*, 535 U.S. 212 (2002), upheld the Commissioner's interpretation of this statutory definition which requires that the disability, and not only the impairment, must have existed or be expected to exist for 12 months.

The ALJ determined Plaintiff had severe bipolar disorder, depression, migraine headaches, and disorders of the arms and hands. The ALJ determined that Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. § 404, Subpart P, App. 1, Regulation No. 4. The ALJ found that Plaintiff could perform the full range of light work except that he required work that was simple, routine, repetitive, and as stress free as possible, with no supervisory responsibility and limited contact with coworkers and the public. The ALJ also determined that Plaintiff would be unable to perform fine dexterous movements with either hand and could not engage in overhead repetitive lifting or reaching. Based on the testimony of the vocational expert, the ALJ found that Plaintiff was able to perform a significant number of jobs in the national economy. Thus, the ALJ determined that Plaintiff was not disabled.

The ALJ gave little weight to the opinion of Dr. Breidenstein, who had treated Plaintiff since 2002, finding that "they were conclusory and inconsistent with the signs and findings in the

objective medical evidence of record, claimant's sparse treatment after February 2005." The ALJ stated that there was no indication that Dr. Breidenstein had provided Plaintiff any treatment after February 2005. Counsel for Plaintiff represents that at the hearing, the ALJ was advised that there were outstanding treatment notes from Dr. Breidenstein. The ALJ agreed to hold the record open until February 23, 2007, for these records. Counsel represents the records were faxed to the ALJ on that date. The decision was not dated until April 20, 2007, but the records were not included or listed as an exhibit. There is no indication that these additional records were considered by the ALJ as part of his hearing decision. However, these records were resubmitted to the Appeals Council and are part of this transcript.

The ALJ also gave little weight to the opinions of the state agency examiners' opinions, finding that these opinions were inconsistent with the material medical evidence in the file. It is unclear what the ALJ is using to support his findings and conclusions.

The Eighth Circuit Court of Appeals has held that a treating physician's opinion is generally entitled to greater deference. *Fleshmen v. Sullivan*, 933 F.2d 674, 676 (8th Cir. 1991). 20 C.F.R. §416.927(d) provides that an ALJ is not allowed to avoid the opinion of a treating physician without giving express medical reasons for not giving great weight to the opinion, especially where that opinion is well supported.

Special "deference" is to be given the treating physician's conclusions or opinion, based on the relationship between the treating physician and the Plaintiff. 20 C.F.R. § 416.927. The Regulations state "all things being equal, when a treating source has seen a claimant long enough to obtain a detailed longitudinal picture of the claimant's impairment(s), we will always give greater weight to the treating source's opinion than to the opinions of nontreating sources even if

the other opinions are also reasonable or even if the treating source opinion is inconsistent with the substantial evidence of record." *Id*.

20 C.F.R. § 416.927(d)(2) requires that the adjudicator will always give good reasoning in the decision for the weight given to a treating source's medical opinions in the nature and severity of an individual's impairment. Social Security Ruling 96-5p states that when the determination is a denial, that the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinions and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

The ALJ fails to sufficiently articulate the reasons for his finding that no controlling weight should be given to the opinion of the treating physician. Furthermore, the other medical evidence of record is not inconsistent with the treating source's opinion.

WHEREFORE, for the reasons stated herein, the decision of the Commissioner is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g), and this case is REMANDED to the Commissioner for further evaluation of the opinions of the treating physician and proceedings consistent with this Order.

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: January 15, 2010